**Signor v. Harper**

*Elizabeth Frownfelter,* for plaintiff.
*Jerry A. Philpott,* for defendant.

QUIGLEY, *P.J.,* June 25, 1992—This case is presently before the court on defendant's exceptions to the court's

order of May 27, 1992. A quick factual summary of this case shows that on January 23, 1979, defendant acknowledged paternity and on the following day the announcement of paternity was accepted by the Perry County Court of Common Pleas. Thereafter, on February 26, 1990, plaintiff filed a complaint and a conference was held at which he thereby denied paternity. At some point during 1990, the court ordered DNA blood typing to be done in this case. Though these results were received, they were never announced in court, as attorney for the child, S.C. Walz III, Esq., objected to any further proceeding that could bastardize the child and asked that the court research this issue before making a determination as to whether it should be admitted into evidence. The defendant now excepts to the court's order of May 27, 1992, which finds that he is, in fact, the father of the child in question.

The defendant's first exception is to the court's determination that Russell Harper's acknowledgement of paternity which was not reduced to a support order is determinative of paternity. The defendant cites *Wachter v. Ascero,* 379 Pa. Super. 618, 550 A.2d 1019 (1988) (cited in brief as *Genovese v. Genovese,)* as being on point. This interpretation seems to be correct but this court views this as a narrow holding in addressing only those occasions in which a support order has been entered. In the present case, though no support order was entered, defendant Russell P. Harper signed an acknowledgement of paternity on January 23, 1979, which was accepted by the court on January 24, 1979. No support order was entered at this time, but the matter of support was addressed by the acknowledgement of paternity form. The acknowledgment of paternity form read as follows:

"I, Russell P. Harper, 57 N. Fourth St., Newport, having been advised of my rights to counsel and further having been advised of my rights to trial do hereby waive these rights and acknowledge that I am the father of the child, Russell P. Signor born on November 13, 1978.... This child was born to Connie L. Signor of 1216 Kittatinny St., Harrisburg, Pa. *I furthermore agree to support this child until further order of the court and will pay all doctor and hospital bills incurred in the birth of the child.*" (emphasis added)

This court accepts the January 24, 1979, order accepting this acknowledgement as determinative on the issue of paternity. (This acknowledgement of paternity and order are attached.) In *Schultz v. Connelly,* 378 Pa. Super. 98, 104, 584 A.2d 294, 297 (1988), the Superior Court quoted the Supreme Court of Pennsylvania in stating that:

"Although a consent decree is not a legal determination by the court of the matters in controversy, it binds the parties with the same force and effect as if a final decree had been rendered after a full hearing on the merits. The fact that without the consent of the parties the court might not have rendered the judgment does not affect its effect as res judicata." *Zampetti v. Cavanaugh,* 406 Pa. 259, 265, 176 A.2d 906, 909 (1962). (emphasis omitted)

This acknowledgement is a final determinative step on the issue of paternity.

The defendant next contends his state of mind at the time he entered into the consent decree is an issue. Defendant has the opportunity to appeal the court's order of January 24, 1979, yet doing so 14 years after the fact is inappropriate under the present circumstances. In

*Commonwealth ex rel. Palchinski v. Palchinski,* 253 Pa. Super. 171, 177, 384 A.2d 1285, 1288 (1978), the Superior Court found that three years was too long a period of time to wait for contesting a determination of paternity or support order. The doctrine of res judicata does bar any claim or objection adverse to the acknowledgment of paternity signed by defendant and accepted by the court.

Though defendant is barred by the doctrine of res judicata, the court, noting defendant's reference to the premature DNA testing done in this case, will address this issue as if it were still ripe for argument.

In the past this court has been liberal in granting requests for DNA testing in paternity cases; probably too liberal. Each time such an issue arises, the court will address it in a two step process: (1) A hearing to develop a factual record and to rebut any presumptions that might exist; (2) DNA testing as a determinative, though not conclusive, step in determining paternity. Absent extraordinary circumstances, DNA testing will not be ordered or accepted (if prematurely ordered) without laying a factual background and addressing any threshold issues, both of which must be done in step one. This issue though has been rendered moot by res judicata.

ORDER

And now, July 6, 1992, in accordance with the within memorandum, defendant's exceptions are dismissed.